**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL POLLARD, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 13-4833 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| THE CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**JOYNER, J.**                                              **JANUARY 8, 2014**

Before the Court are the United States of America's Motion to Dismiss (Doc. No. 9), and Plaintiff's Response thereto (Doc. No. 11). For the reasons outlined in this Memorandum, the Motion to Dismiss is hereby GRANTED. An Order follows.

**I.   BACKGROUND**

On November 23, 2011, Plaintiff Crystal Pollard was driving her car on Front Street, toward Oregon Avenue in Philadelphia, Pennsylvania. (Compl. ¶ 6). She alleges that Sergeant John Wold was at the same time driving on the I-95 ramp without properly looking out for other traffic; without controlling his vehicle; without checking to make sure his vehicle had a clear distance to cross through the intersection; and without maintaining proper headlights. (Compl. ¶ 8). The vehicles of the Plaintiff and Sergeant Wold collided at the intersection of the 3100 block of South Front Street and the access ramp to I-95 South, causing

1

severe and permanent injury to the Plaintiff. (Compl. ¶ 9; Answer ¶ 2). The accident occurred at approximately 3:30 am. (Answer ¶ 2).

At the time of the accident, Sergeant Wold was on leave from his posting at Fort Dix, New Jersey, intending to go home to Oregon for the Thanksgiving holiday. (Answer ¶ 2; Declaration of Major Alfred C. Lenhard, II at ¶ 4 ("Lenhard Dec.")). Sergeant Wold was driving a General Services Administration ("GSA") van from Fort Dix en route to the Philadelphia International Airport. (Answer ¶ 2; Lenhard Dec. ¶ 4).

Beginning in July of 2011, Fort Dix and its personnel were governed by a Joint Base Policy, which had been distributed and explained to Sergeant Wold that summer. (Answer ¶ 2, Ex. B; Lenhard Dec. ¶ 5). It states in pertinent part, "[t]his policy letter clarifies [Government Motor Vehicle] GMV Official Use policy for all . . . personnel assigned to Joint Base McGuire-Dix-Lakehurst . . . attachments 8 and 9 will guide the decision-making process when dealing with GMV official use and for transportation to airport terminals." (Ex. B). It continues,

> [U]se of GMVs to transport travelers to or from military or commercial terminals is restricted to very specific cases. In general, GMVs may be used to transport official travelers; when service is necessary because of emergency situations; to meet security requirements; or when DOD scheduled bus service or public transportation is unresponsive and use of taxicab or other commercial service is not practical. Id.

2

The attachment to the Policy lays out in a chart that "travel to commercial terminals in general" by "military members" is not authorized. <u>Id</u>.

Also in effect at the time was Department of Defense ("DoD") regulation 4500.36-R and Army Regulation 58-1, which applied to, among other entities, "the Military Departments." (Answer Ex. B). Section C2.5 states, "The use of all DoD motor vehicles, including those leased using DoD funds, or from other Government Agencies or commercial sources shall be restricted to official purposes only." <u>Id</u>. It also provides that DoD motor vehicles may be used for trips to commercial or military terminals only when used by certain authorized individuals, necessary due to emergency, or the terminals are located in areas where other methods of transportation cannot be used. <u>Id</u>.

In a sworn Declaration submitted by the United States, Major Alfred C. Lenhard, II, Sergeant Wold's supervisor at the time of the accident, asserts that "Sergeant Wold's use of the GSA van on November 23, 2011 violated not only the Joint Base Policy but also Department of Defense (DoD) regulation 4500.36 and Army Regulation 58-1, paragraph 4-6." (Lenhard Dec. ¶ 6). Major Lenhard also asserts that the accident occurred outside of Sergeant Wold's established working hours and was not within the scope of his duties. <u>Id</u>. ¶ 7.

3

## II.  STANDARD OF REVIEW

When confronted with a motion that an FTCA claim should be dismissed because the defendant was acting outside the scope of his employment, the Third Circuit has indicated that "the better course" is for courts to consider the issue as jurisdictional, not as one on the merits. <u>CNA v. U.S.</u>, 535 F.3d 132, 140 (3d Cir. 2008). Thus, this Motion would be properly brought under Federal Rule of Civil Procedure 12(b)(1) - or, in this case, where the United States filed an answer (Doc. No. 7) prior to its Motion to Dismiss - is proper under Rule 12(h)(3). <u>See</u> <u>Solomon v. Solomon</u>, 516 F.2d 1018, 1027 (3d Cir. 1975)("Under Rule 12(h)(3) . . . lack of subject matter jurisdiction should be raised and adjudicated by a motion to dismiss, not a motion for summary judgment"), <u>abrogated on other grounds by</u> <u>Matusow v. Trans-County Title Agency, LLC</u>, 545 F.3d 241, 245 N.6 (3d Cir. 2008).

In a factual attack on subject matter jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction. <u>Animal Science Products, Inc. v. China Minmetals Corp.</u>, 654 F.3d 462, 469 N.9 (3d Cir. 2011). Unlike in a 12b(6) motion, a court "may evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that the plaintiff's allegations are true." <u>CNA v. U.S.</u>, 535 F.3d 132, 140 (3d Cir. 2008). In doing so, the Court may consider evidence outside the pleadings. <u>Id</u>. at 145.

4

## III. DISCUSSION

The Federal Tort Claims Act provides a limited waiver of the United States' sovereign immunity. It allows civil suits "against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). The United States contends that, because Sergeant Wold was outside the scope of his U.S. Army employment at the time of accident, this Court must dismiss Plaintiff's claim for lack of subject matter jurisdiction.

Pennsylvania law provides the substantive standards for determining whether Sergeant Wold was acting within the scope of his employment at the time of the accident. Conn v. U.S., 376 Fed. Appx. 239, 241 (3d Cir. 2010). Pennsylvania law looks to the Restatement (Second) of Agency for the substantive principles governing respondeat superior liability: "the conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master . . ." Id. (citing Restatement (Second) of Agency § 228(1))(alterations in original). "In determining whether or not the act is beyond the scope of employment, the fact that the

5

act is unauthorized in more than one respect is considered." Restatement (Second) of Agency § 229, comment (e). The United States argues that "[w]hen Sergeant Wold was driving the GSA van and collided with Ms. Pollard's minivan, he was on leave and was using the van, contrary to then-controlling base policy and regulations, for his personal, non-authorized, prohibited use (transportation from Ft. Dix to Philadelphia International Airport en route to Oregon for Thanksgiving break)." (Def. Mot. at 7). The Plaintiff has admitted to the Court that she "does not have any substantive evidence within [sic] which to rebut this scope-of-employment certification of Major A. Lenhard" and thus "cannot provide the Court with a rebuttable presumption concerning said issue as to scope of employment." (Pl. Response to Motion to Dismiss for Lack of Jurisdiction at 3, Doc. No. 11).

The Plaintiff has clearly represented to the Court that she cannot bear her burden of proof of establishing the Court's jurisdiction. In contrast, Defendant United States of America has provided evidence that Sergeant Wold was using the GSA van contrary to governing base policy at the time of his accident with the Plaintiff. Accordingly, the Court finds that Sergeant Wold was acting outside of the scope of his employment at the time of the accident, and dismisses the claims against Defendant United States of America for lack of subject-matter jurisdiction.